```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF TEXAS
                  HOUSTON DIVISION
```

| | |
|---|---|
| CHRIS DAVIS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-12-1173 |
| § | |
| DARLENE BIGGERS, IN HER § | |
| OFFICIAL CAPACITY AS ASSOCIATE § | |
| VICE PRESIDENT FOR STUDENT § | |
| SERVICES AT UNIVERSITY OF § | |
| HOUSTON-CLEAR LAKE, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] is Defendant's Amended Motion to Dismiss (Doc. 26). The court has considered the motion, all relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendant's motion be **GRANTED**.

### I. Case Background

Plaintiff originally filed this action on April 18, 2012, against the Board of Regents of the University of Houston-Clear Lake ("UHCL"), as well as multiple UHCL employees in their official capacities, alleging that they had "failed to integrate students with disabilities into their program, failed to provide full access

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Doc. 23.

to their facilities, and failed to provide proper transportation to students with disabilities as required by federal and state law and [sic] violated various rights of [Plaintiff]."[2]  Seeking anonymity, Plaintiff identified himself only by his initials.[3]

Plaintiff, a wheelchair-mobile individual, was a student at UHCL during the spring semester of 2010.[4]  Although UHCL operated a shuttle system free of charge for students who lived near the campus, it did not provide wheelchair-accessible vehicles.[5] Plaintiff was "consigned to using an inferior and unreliable system of taxis and other vehicles loosely arranged through the university" that routinely ran late and did not afford ready access to and from UHCL classes.[6]  As a result, Plaintiff was frequently late for classes and examinations, including a semester final exam.[7]  He was unable to complete the test timely and was not allowed additional time.[8]  His resulting course grade was low and "did not demonstrate his ultimate mastery of the course work."[9]

---

[2]     Doc. 1, Pl.'s Original Compl. p. 1.

[3]     See Doc. 1, Pl.'s Original Compl.; Doc. 8, Pl.'s Mot. to Restyle Proceeding p. 2.

[4]     Doc. 1, Pl.'s Original Compl. pp. 1-2, 6.

[5]     Id. p. 2; see also id. p. 7.

[6]     Id. p. 2; see also id. pp. 6, 7.

[7]     Id. pp. 3, 7.

[8]     Id. p. 7.

[9]     Id.

Plaintiff presented documentation to the professor and to members of UHCL's administration, demonstrating that his tardiness was due to UHCL's transportation system.[10] However, UHCL still did not allow any accommodation with regard to the exam.[11] Plaintiff was unsuccessful in his subsequent applications to medical school despite "exemplary admissions test scores and high grades in his other courses."[12]

In addition to transportation issues, Plaintiff was unable to access the library and certain academic buildings.[13] He was also unable to attend study groups and computer labs at night due to "inaccessibility and lack of adequate transportation."[14]

Plaintiff alleged violations of the Americans with Disabilities Act[15] ("ADA"), the Rehabilitation Act[16] ("Section 504"), and the Fourteenth Amendment of the U.S. Constitution pursuant to 42 U.S.C. § 1983 ("Section 1983").[17] Plaintiff sought declaratory and injunctive relief in addition to monetary damages.[18]

---

[10]   Id.

[11]   Id. pp. 7, 8.

[12]   Id. pp. 3, 8.

[13]   Id. p. 8

[14]   Id.

[15]   42 U.S.C. §§ 12131–12134.

[16]   29 U.S.C. § 794(a).

[17]   See Doc. 1, Pl.'s Original Compl. pp. 9–12.

[18]   See id. pp. 12–16.

In September 2012, Plaintiff amended his complaint, dropping all previously named UHCL employees, retaining the Board of Regents of UHCL, and adding Darlene Biggers ("Biggers"), UHCL's associate vice president for student services, in her official capacity.[19] The amended complaint contained no substantive modifications.[20] A few weeks later, Plaintiff moved the court to restyle the case to list Defendant Biggers as the only defendant and to identify Plaintiff by his full name.[21] The court granted Plaintiff's motion, and Plaintiff filed another amended complaint to reflect those two changes only.[22]

Defendant Biggers executed a waiver of service on October 11, 2012, and agreed to file either an answer or Federal Rule of Civil Procedure 12 ("Rule 12") motion by November 30, 2012.[23] In mid-November 2012, the court held a scheduling conference.[24] At the hearing, the court set dates for the case, including setting December 14, 2012, as the deadline for Defendant Biggers to file an

---

[19] See Doc. 4, Pl.'s 1st Am. Compl.

[20] Compare Doc. 1, Pl.'s Original Compl. with Doc. 4, Pl.'s 1st Am. Compl.

[21] See Doc. 8, Pl.'s Mot. to Restyle Proceeding.

[22] See Doc. 10, Order Dated Sept. 27, 2012; Doc. 11, Pl.'s 2d Am. Compl.

[23] See Doc. 12, Waiver of Svc. Although the waiver indicated that an answer or motion to dismiss was to be filed by November 30, 2012, the docket entry notation stated that the deadline for filing an answer was December 10, 2012. See id.

[24] See Doc. 16, Min. Entry Order Dated Nov. 16, 2012.

answer and for Plaintiff to file a motion for leave to amend.[25] The court ordered Plaintiff to notify Defendant by December 10, 2012, if he intended to amend his complaint.[26] Defendant's counsel represented to the court that UHCL obtained a wheelchair-accessible van, and Plaintiff's counsel conceded that Plaintiff had decided to pursue only monetary damages.[27]

On December 14, 2012, Defendant Biggers filed a motion to dismiss.[28] On the very same day as Defendant Biggers filed the motion to dismiss, Plaintiff filed a motion for leave to amend "to more clearly present his disputed claims."[29] Plaintiff offered no other basis for seeking to amend but argued Defendant Biggers would not be prejudiced by the amendment because she had failed to timely file an answer or motion to dismiss.[30]

The amended complaint was substantively identical to the prior

---

[25] See Doc. 16, Min. Entry Order Dated Nov. 16, 2012; Doc. 17, Docket Control Order Dated Nov. 16, 2012.

[26] See Doc. 16, Min. Entry Order Dated Nov. 16, 2012.

[27] See Doc. 26, Def.'s Am. Mot. to Dismiss p. 3 (citing Doc. 16, Min. Entry Order Dated Nov. 16, 2012). The minute entry order does not reflect what was said at the hearing, and no transcript is available. However, Plaintiff did not contest Defendant Biggers' assertion. The court has no reason to doubt the accuracy of Defendant Biggers' representation. If Plaintiff would like to challenge it, he should do so in timely filed and properly supported objections.

[28] See Doc. 18, Def.'s Mot. to Dismiss.

[29] Doc. 19, Pl.'s Mot. for Leave to Am. p. 1.

[30] See id.

amendment, except for one sentence: "Said actions[31] and failure to make reasonable accommodations despite numerous requests by [Plaintiff] and the obvious need for additional transportation for students with disabilities and failure by Defendant to act creates [sic] a showing and presumption that said acts by Defendant and the University were intentional."[32] Notably, Plaintiff retained the requests for injunctive relief in the amended pleading, despite the representation of contrary intent at the November 2012 scheduling conference.[33]

Defendant Biggers opposed the motion for leave to amend both as noncompliant with the court's instruction to notify Defendant Biggers by December 10, 2012, of Plaintiff's intention to amend and as futile.[34] Defendant Biggers also complained that Plaintiff failed to confer with Defendant Biggers prior to filing the motion.[35]

The court referred the case to the undersigned, who granted

---

[31] The actions to which Plaintiff referred in this sentence are unclear. The statement followed the first sentence in the paragraph, which stated that Plaintiff made inquiries with university officials regarding transportation, his tardiness to class, and the course grade to which he objected. See Doc. 20, Pl.'s 3ᵈ Am. Compl. p. 6.

[32] Doc. 20, Pl.'s 3ᵈ Am. Compl. p. 6.

[33] See id. pp. 10-11.

[34] See Doc. 22, Def.'s Resp. to Pl.'s Mot. for Leave to Am. p. 2.

[35] See id.

leave to amend.[36]  Two weeks after leave to amend was granted, Defendant Biggers filed the pending amended motion to dismiss, arguing that Plaintiff's most recent amendment failed to remedy the flaws Defendant Biggers argued in her original motion to dismiss.[37] Plaintiff did not respond to the original or the amended motion to dismiss.[38]

## II.  Dismissal Standard

Pursuant to the federal rules, dismissal of an action is appropriate whenever the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1), 12(h)(3).  The party asserting jurisdiction bears the burden of proof that jurisdiction does exist.  In re FEMA Trailer Formaldehyde Prods. Liab. Litig. [hereinafter In re FEMA], 646 F.3d 185, 189 (5th Cir. 2011)(citing Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001)).

The court may decide a motion to dismiss for lack of jurisdiction on any of three bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the

---

[36]  See Doc. 23, Order Dated Feb. 27, 2013; Doc. 24, Order Dated Mar. 7, 2013.

[37]  See Doc. 26, Def.'s Am. Mot. to Dismiss.

[38]  The Local Rules for the Southern District of Texas state that failure to respond to a motion will be taken as a representation of no opposition.  L.R. 7.4.  However, because it would be improper to dismiss an action merely due to a lack of response, this court must carefully consider the merits of the unanswered motion. Hibernia Nat'l Bank v. Administracion Cent. S.A., 776 F.2d 1277, 1279 (5th Cir. 1985); see also Watson v. United States, 285 F. App'x 140, 143 (5th Cir. 2008)(unpublished)(quoting Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006))(noting that the Fifth Circuit has rejected granting dispositive motions based solely on the failure to comply with Local Rule 7.4).

record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Ramming, 281 F.3d at 161 (citing Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5th Cir. 1996)). The court, in determining whether it is properly vested with subject matter jurisdiction, is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." Krim v. pcOrder.com, Inc., 402 F.3d 489, 494 (5th Cir. 2005)(quoting Montez v. Dep't of Navy, 392 F.3d 147, 149 (5th Cir. 2004)).

Rule 12(b)(6) allows dismissal of an action whenever the complaint, on its face, fails to state a claim upon which relief can be granted. When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 803 n.44 (5th Cir. 2011).

A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. 678. A plaintiff must

provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. 678.

### III. Analysis

Defendant Biggers challenges whether the court has subject matter jurisdiction over the request for injunctive relief, the remaining Section 1983 damages cause of action, and the ADA claim. Defendant Biggers also argues that Plaintiff failed to state a claim under either the ADA or Section 504.

**A. Subject Matter Jurisdiction**

"Federal courts are courts of limited jurisdiction" and may exercise jurisdiction over cases only as authorized by the United States Constitution and the jurisdictional statutes. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). The court's jurisdiction covers only cases and controversies. U.S. Const. art. III § 2; Already, LLC v. Nike, Inc., ___ U.S. ___, 133 S. Ct. 721, 726 (2013). An actual controversy must exist throughout all stages of litigation, not solely at the time when the lawsuit is filed. Already, LLC, 133 S. Ct. at 726 (quoting Alvarez v. Smith, 558 U.S. 87, 92 (2009), and Arizonans for Official English v. Ariz., 520 U.S. 43, 67 (1997)).

**1.  Injunctive Relief**

Defendant Biggers argues that Plaintiff's request for injunctive relief is moot because UHCL obtained a wheelchair-accessible van.  She points out that Plaintiff's counsel conceded as much at the November 2012 scheduling conference by agreeing that Plaintiff was pursuing his claims for monetary damages only.

An actual controversy ceases to exist if the issues involved "are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  Already, LLC, 133 S. Ct. at 726-27 (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982)).  However, a case does not become moot automatically when a defendant voluntarily remedies unlawful conduct.  Id. at 727.  Normally, a voluntarily compliant defendant must demonstrate that "subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur."  Sossamon v. Lone Star State of Tex., 560 F.3d 316, 325 (5th Cir. 2009)(quoting Friends of the Earth (TOC), Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 189 (2000)); see also Already, LLC, 133 S. Ct. at 727.  The burden is lighter, however, on a governmental actor acting in her sovereign capacity and in the exercise of her official duties.  Sossamon, 560 F.3d at 325.  "Without evidence to the contrary, [the court] assume[s] that formally announced changes to official governmental policy are not mere litigation posturing."  Id.

Here, Plaintiff sought a permanent injunction requiring that Defendant Biggers direct UHCL to:

> 1) ensure that students with disabilities are provided with reasonable accommodations for testing by the appropriate University office or official; 2) reasonable accommodations to qualified students with disabilities cannot be denied by the discretion of individual faculty members; 3) all buildings on the [UHCL] campus are wheelchair accessible and maintained in operable working condition as required by law; 4) the shuttle bus transportation system is made available to students with disabilities and/or mobility impairments and runs at times that students with disabilities can attend classes on time and access services and facilities at the campus after hours in a manner consistent with what is currently provided to students without disabilities; and forever enjoin Defendant from further discriminatory behavior against Plaintiff and others with physical disabilities, in violation of the ADA and Section 504 . . . .[39]

Defendant Biggers' representation in open court, of which the court takes judicial notice, is sufficient to establish that UHCL has acquired a wheelchair-accessible van since the filing of this suit. Plaintiff has presented no evidence to the contrary. Applying the lighter burden imposed on Defendant Biggers as a government actor, the court finds that the alleged failure to provide transportation to wheelchair-mobile students is not reasonably expected to recur. Plaintiff's requests for injunctive and declaratory relief concerning making a shuttle bus available to students with mobility impairments should be dismissed.

Defendant does not address the complaint's other three requests for declaratory and injunctive relief--for reasonable

---

[39] Doc. 20, Pl.'s 3ᵈ Am. Compl. p. 12; see also id. pp. 10-11.

11

testing accommodations, a prohibition against the denial of reasonable accommodations by individual faculty members, and wheelchair access to all buildings. Even so, the court finds that Plaintiff appears to have abandoned these requests. Counsel for Plaintiff stated, at the scheduling conference, that Plaintiff was seeking only monetary damages. Thus, all pleas for non-monetary damages should be dismissed.

### 2. Section 1983

Defendant Biggers argues that she is protected by sovereign immunity from Plaintiff's damages claims under Section 1983.

A plaintiff can establish a prima facie case under Section 1983[40] by alleging a violation of a federal constitutional or statutory right that was committed by an individual acting under the color of state law. <u>Doe v. Rains Cnty. Indep. Sch. Dist.</u>, 66 F.3d 1402, 1406 (5th Cir. 1995). The Eleventh Amendment to the U.S. Constitution,[41] as interpreted by case law, bars Section 1983 claims against states or state agencies unless the state has waived its

---

[40]   The provision reads, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

[41]   The Eleventh Amendment reads: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

immunity.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989).  A suit against a state official acting in her official capacity is no different from a suit against the state.[42]  Id. at 71.

Defendant Biggers, a state[43] actor sued only in her official capacity, is entitled to Eleventh Amendment immunity against claims for monetary damages.  Plaintiff's remaining Section 1983 claims should be dismissed.

3.  **ADA**

Defendant Biggers states in a footnote that, "Plaintiff's ADA Title II claim for damages arguably should also be dismissed due to sovereign immunity."[44]

Because Eleventh Amendment immunity operates like a jurisdictional bar, the court considers this argument before reaching Defendant Biggers' other argument in favor of dismissing the ADA cause of action.  See Union Pac. R. Co. v. La. Pub. Serv. Comm'n, 662 F.3d 336, 340 (5th Cir. 2011)(explaining that, although it operates like a jurisdictional bar, Eleventh Amendment immunity

---

[42]    Section 1983 actions may be brought against state officials in their official capacity seeking prospective injunctive relief, just not for monetary damages.  Will, 491 U.S. at 71 n.10.

[43]    The University of Houston is a state institution and, as such, is protected by sovereign immunity.  See Tex. Educ. Code Ann. §§ 111.01-111.02 (establishing the UHCL as a state institution); Lowery v. Univ. of Houston–Clear Lake, 82 F. Supp. 2d 689, 692-93 (S.D. Tex. 2000)(affirming UHCL's status as a state institution to which Eleventh Amendment immunity may apply).

[44]    Doc. 26, Def.'s Am. Mot. to Dismiss p. 5 n.2 (citing Baker v. Univ. of Tex. Health Sci. Ctr. Houston, Civil Action No. H-08-1908, 2011 WL 1549263, at **3-4 (S.D. Tex. Apr. 21, 2011)).

may be waived); United States v. Tex. Tech Univ., 171 F.3d 279, 285-86 n.9 (stating that jurisdictional questions must be addressed before merits questions). States are not entitled to sovereign immunity with respect to damage claims under Title II of the ADA if the conduct alleged actually violates the Fourteenth Amendment. United States v. Georgia, 546 U.S. 151, 159 (2006).

Plaintiff alleged that failing to provide reasonable transportation accommodations or building access and allowing individual faculty members the option of denying reasonable accommodations deprived him of equal access to education and violated Title II and the Fourteenth Amendment.[45] Although Plaintiff did not completely flesh out the Fourteenth Amendment aspects of his ADA claim, his allegations appear to give the court jurisdiction. Accordingly, the court assumes, without deciding, that it has jurisdiction of Plaintiff's ADA claim.

B. **Failure to State a Claim under the ADA or Section 504**

Case law interpreting either the ADA[46] and Section 504[47] is applicable to both. Hainze v. Richards, 207 F.3d 795, 799 (5th Cir.

---

[45] Doc. 20, Pl.'s 3d Am. Compl. pp. 7-8.

[46] The ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "Public entity" includes an instrumentality of a state. 42 U.S.C. § 12131(1).

[47] Section 504 states that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794.

14

2000). Only upon proof of intentional discrimination may a plaintiff seeking monetary damages recover under the ADA or Section 504. Delano-Pyle v. Victoria Cnty., Tex., 302 F.3d 567, 574 (5th Cir. 2002)(citing Carter v. Orleans Parish Pub. Sch., 725 F.2d 261, 264 (5th Cir. 1984)).

In Carter, the Fifth Circuit found that the plaintiff did not allege that the defendant intended a discriminatory result or manifested any discriminatory animus. Carter, 725 F.2d at 264. Rather, the court determined that the allegations left open the possibility of "negligence or inadvertence as sources of error," which, the court concluded, were insufficient to state a claim of intentional discrimination. Id.

Defendant Biggers argues that Plaintiff's complaint did not allege intentional discrimination even though his most recent amendment included an additional sentence, which asserted a "showing and presumption" of intentionality.[48]

Other than this assertion, Plaintiff did not allege any facts eliminating the possibility of negligence or inadvertence. To the contrary, with regard to transportation, Plaintiff actually admitted that UHCL offered to arrange free bus and taxi transportation, a concession that completely contradicts a presumption of intentional discrimination. As Defendant Biggers notes, Plaintiff only alleges that UHCL failed to act in response

---

[48]   See Doc. 20, Pl.'s 3d Am. Compl. p. 6.

15

to his requests or to obvious need, which does not rise to the level of intentional discrimination.[49]

Plaintiff failed to sufficiently plead intentional discrimination, and his ADA and Section 504 claims should be dismissed. See Twombly, 550 U.S. at 555 (requiring sufficient facts to suggest the plausibility of the claims asserted); Delano-Pyle, 302 F.3d at 574 (stating that intentional discrimination is a required element of an ADA or Section 504 claim).

## IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendant's Amended Motion to Dismiss be **GRANTED**. Recently, Defendant Biggers filed an unopposed motion to amend the scheduling order, seeking a six-month delay on scheduling dates to allow the parties to await a court decision on the pending dispositive motion. If this Memorandum and Recommendation is adopted, that motion will be moot, as the case will be dismissed.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

---

[49] Doc. 26, Def.'s Am. Mot. to Dismiss p. 7.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 12th day of September, 2013.

Nancy K. Johnson
United States Magistrate Judge